UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN L. CORRIGAN,<br><br>        Plaintiff,<br><br>     v.<br><br>FRED C. PFLANZ, JUDGE A. HILLE, SHERIFF D. BARGER, DEPUTY PROSECUTOR B. SCUDDER, ADAMS COUNTY, and PAUL L. KIRKPATRICK,<br><br>        Defendants. | NO. CV-08-0333-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff John L. Corrigan's Motion for Reconsideration.[1] (Ct. Rec. 50.) Plaintiff asks the Court to reconsider its Order Granting Defendants' Motions to Dismiss and Imposing a Future-Filing Bar (Ct. Rec. 49). After reviewing the submitted material and relevant authority, the Court abides by its initial Order and denies Plaintiff's motion for the reasons given below.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

---

[1] This Court utilizes Western District of Washington Civil Rule 7(h) to address motions for reconsideration. No response need be filed.

ORDER ~ 1

an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff does not identify any new evidence or an intervening change of the law; rather, Plaintiff contends the Court's ruling that neither a Rule 11 safe harbor violation nor a failure to fully investigate the basis for a Rule 11 motion gives rise to an independent lawsuit was erroneous and manifestly unjust. The Court recognizes that a court has the inherent power to sanction attorneys and parties; however, this inherent power must be exercised by the court before which the to-be-sanctioned conduct occurred. Further, although the Court must view the pro se Complaint in Plaintiff's favor and less stringently than those drawn by counsel, the Complaint must still state a valid cause of action - the Court concludes, as a matter of law, that Plaintiff cannot assert an abuse of process claim arising out of Rule 11 motions filed in prior lawsuits.

The Court concludes *Cohen v. Lupo* is not to the contrary. 927 F.2d 363 (8th Cir. 1991) (allowing a subsequent malicious prosecution cause of action). An abuse of process claim alleges the misuse or misapplication of the legal process after the initial of the lawsuit.

*Saldivar v. Momah*, 145 Wn. Ap. 365 (2008). Accordingly, in the underlying lawsuits, Plaintiff should have sought leave to file an abuse of process counterclaim pertaining to his allegations that Defendants and defense counsel misused Rule 11.

Furthermore, the Court maintains the filing restriction because the Order Granting Defendants' Motions for Summary Judgment in EDWA-07-cv-0227-RHW advised Defendant that he was collaterally estopped from alleging claims arising out of the 2003 traffic stop and that Judge Hille and Deputy Prosecutor Scudder were protected by immunity doctrines.

For the above-given reasons, the Court concludes it did not commit clear error and its initial decision was not manifestly unjust. Accordingly, **IT IS HEREBY ORDERED**: Plaintiff'S Motion for Reconsideration **(Ct. Rec. 50)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 17th day of April 2009.

                                          s/ Edward F. Shea
                                          EDWARD F. SHEA
                                  United States District Judge

Q:\Civil\2008\0333.reconsid.wpd